## GALLUPPI v YOUNGSTOWN (City)

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 17, 1936

D. F. Rendinell, Youngstown, and C. W. Osborne, Youngstown, for plaintiff in error.

Vern B. Thomas, Youngstown, and W. B. Lewis, Youngstown, for defendant in error.

## OPINION

By NICHOLS, J. ,

Joseph Galluppi, plaintiff in error, a minor fourteen years of age, by John Galluppi, his father and next friend, filed his petition in the Court of Common Pleas of Mahoning county against the city of Youngstown, defendant in error, to recover damages for personal injuries sustained as a result of the claimed negligence of the city. Demurrer was filed by defendant to the petition of plaintiff on the ground that the facts do not constitute a cause of action against the municipality. The demurrer was sustained by the lower court, and the plaintiff not desiring to plead further, final judgment was entered in the Common Pleas against the plaintiff. Error is prosecuted to this court' to reverse the judgment of the Common Pleas Court. The only question presented is whether the petition states a cause of action against the city of Youngstown.

The petition alleges that the defendant is a municipal corporation duly organized and existing under and by virtue of the laws of the state of Ohio; that:

"Oak street extends in a general easterly and westerly direction and is intersected by Clinton street which extends in a general northerly and southerly direction, both of which are duly dedicated and much traveled streets in the city of Youngstown, Ohio; that on or about the 1st day of August, A. D. 1934, said defendant, by and through its agents and employees,. acting in the course and scope of their employment, and in the prosecution of the business of said city, were engaged in flushing the streets in said vicinity by means of a large truck containing a water tank thereon, and had negligently parked or stationed the same near said intersection extending over a large part of Oak Street, and had thus blocked the highway and not only the view of pedestrians crossing said Oak street at said intersection, by reason thereof was obstructed from seeing vehicular traffic approaching from the east in a westerly direction, but also in such manner as to prevent operators of motor vehicles from seeing pedestrians crossing said Oak Street at said intersection.

"For cause of action against defendant herein, plaintiff says that on said day he was in the act of crossing said Oak sreet from the north to the south side thereof, and that when he had arrived at a point a few feet from the north curb, an automobile operated by one, Peter Sirbu, and traveling in a westerly direction on said Oak street was compelled to drive around said automobile truck and thereupon ran into and against this plaintiff with great force and violence, knocking him down upon the pavement and inflicting upon him injuries as hereinafter set forth.

"Plaintiff says that said defendant was careless, negligent and guilty of unlawful conduct in the following respects, to-wit:

"1. In parking or stationing its water truck in such a position on Oak street as to block and obstruct the view of pedestrians crossing Oak Street at said intersection of vehicular traffic approaching from the east and traveling west.

"2. In failing and neglecting to station a look out for the purpose of warning and protecting pedestrians against oncoming vehicular traffic from the east and traveling west at said intersection.

"3. In failing and neglecting to take any precautions whatsoever for the safety of pedestrians crossing said Oak street at said intersection or for vehicular traffic traveling in a westerly direction at said intersection."

The petition further sets forth the alleged injuries received by plaintiff at such time and place, and prays judgment in the sum of $50,000.

The basis of plaintiff's action is §3714, GC, which requires municipal corporations to cause the streets to be kept open, in repair, and free from nuisance. There is no allegation in the petition of any defect in the street itself. The duty imposed upon municipalities in Ohio by §3714, GC, to keep their streets open and free from nuisance, is an exception to the rule of common law that no liability attaches to a municipality for negligence in the discharge of a governmental function.

There is no allegation in the petition from which it may reasonably be inferred that the city, at the time of the injuries to plaintiff, was engaged in a proprietary function as distinguished from a governmental function, the petition expressly stating that the city was engaged "in flushing the streets * * * by means of a large truck containing a water tank thereon." Thus the city was engaged in the performance of a governmental function, though not a duty specifically imposed by the statute for the care of the streets.

"Streets and highways are public and governmental institutions, maintained for the free use of all citizens of the state, and municipalities while engaged in the improvement of streets are engaged in the performance of a governmental function." City of Wooster v Arbenz, 116 Oh St 281, 156 N. E., 210, 52 A. L. R., 518.

The flushing of the streets of a municipality is performed by the city in keeping the same clean and free from nuisance.

It seems to be conceded in argument and brief of counsel for plaintiff in error that in order to create liability against the city the allegations of the petition must be such as to show a failure of duty upon the part of the city under §3714, GC, to keep the street in question open and free from nuisance.

That the street was open at the time is evidenced from the allegation of the petition that the automobile operated by Peter Sirbu was traveling thereon in a westerly direction and drove around the automobile truck of the city and thereupon ran into and against the plaintiff. We can not hold that a municipality has failed to

keep its street open merely because an automobile must drive around a parked truck.

If the allegations of the petition, reasonably interpreted, are sufficient to show a failure upon the part of the city to keep the street in question free from nuisance and that such failure was a proximate cause of plaintiff's injuries, the petition is sufficient as against demurrer. The duties and obligations imposed upon the city to keep its streets free from nuisance are in derogation of the common law, but it was particularly stated by the Supreme Court in **Wooster v Arbenz, supra,** that the court was not declaring that any negligence of the city or its agents and servants while engaged in performing the function of keeping its streets in repair and free from nuisance, which negligence resulted in leaving an obstruction amounting to a nuisance on the traveled portion of the city street, might not be the basis of a recovery.

If in analyzing the allegations of plaintiff's petition we can find therein language from which a reasonable inference may arise that in the governmental function of flushing the streets of the municipality the city placed therein a nuisance which was a proximate cause of plaintiff's injuries, then we must find that the demurrer to this petition should not have been sustained. Are the allegations of the petition capable of such interpretation? We think not. Whether the truck with the water tank thereon had been placed in the street by the city or by some private individual, we can not see how the placing of a truck at the place alleged in the petition could possibly be construed as a nuisance in the street. There are no allegations of the petition showing that plaintiff's injuries were received in the night season, and from the fact that the petition alleges that the city was engaged in the flushing of the streets it must be reasonably considered that plaintiff was injured in the daytime when objects in the streets were plainly visible not only to plaintiff but to the driver of the automobile which struck plaintiff.

There are no allegations in the petition from which it might be reasonably inferred that the city's truck had been placed in such position in the street as to create any unusual or dangerous hazard therein, or that it was placed any differently in the street than would be the situation if any truck, publicly or privately owned, were parked in the ordinary manner along the side of the street. All that the petition alleges is that the truck was so placed as to block or obstruct the view of plaintiff as he crossed the street and so as to block and obstruct the view of the driver of the Sirbu automobile, and required the operator of the Cirbu automobile "to drive around said automobile truck."

If the parking or stationing of defendant's water truck on the street did not create a nuisance in the street, there could be no duty imposed upon defendant to station a look-out for the purpose of warning and protecting pedestrians against oncoming vehicular traffic as alleged in the second specific respect set forth in plaintiff's petition. Nor would the defendant be required to take any precautions for the safety of pedestrians crossing Oak Street at the intersection or for vehicular traffic traveling at the intersection as set forth in the third respect alleged in plaintiff's petition.

As stated above, we see nothing alleged in the first ground of negligence in plaintiff's petition except that defendant's truck was placed in such position in Oak Street as to block and obstruct the view of pedestrians crossing Oak Street at the intersection of vehicular traffic approaching on the street. Any truck or automobile placed upon the street necessarily obstructs the view of pedestrians, yet it can not be said that the mere parking of a truck or automobile on the street is negligence whether it be the truck of the city or the truck of a private individual. Whether the truck of the city or the truck of a private individual be parked upon the street, other operators of motor vehicles thereon must pull around the same and operate their motor vehicles with reference to any proper use made thereof by others. Nothing in the petition of the plaintiff alleges an improper parking of the city's truck on the street in question or alleges that the truck was parked or stationed thereon so as to obstruct the view in an unusual manner or to an unusual degree, and nothing is alleged in the petition to the effect that the city's truck was parked on the street so as to create an unusually dangerous condition therein.

In oral argument and in brief, counsel on both sides have attempted to relate to us facts existing at the time and place of this accident. We are not privileged to take these facts and circumstances into consideration otherwise than stated in the petition. We have repeatedly held that the mere allegation that a defendant is negligent is a mere conclusion, and without al-

legations of specific facts showing in what manner the defendant was negligent is sufficient to base liability.

Were we to hold that the petition contains facts sufficient to impose a liability upon the defendant in this case we would indirectly hold that whenever an automobile is parked on a public street it would be the duty of the owner or operator of such automobile to place warnings or station persons to protect pedestrians against other vehicular traffic operating on the street. The petition does not allege the violation of any ordinance of the city with reference to parking on the street, or the violation of any other law or ordinance, and we find no allegation in the petition other than the statement of a mere conclusion of negligence, insufficient to base liability against the city.

Without commenting upon or referring to the authorities found in the brief submitted on behalf of the plaintiff in error, it is sufficient to say that we have examined and considered all of them, and that we are unable to bring ourselves to the conclusion that there is any principle of law which, upon the facts appearing in this petition, imposes any liability upon the defendant for the damages claimed.

We, therefore, find no prejudicial error in the Common Pleas Court sustaining the demurrer to plaintiff's petition, and the judgment of that court must be affirmed.

Judgment affirmed.

CARTER and ROBERTS, JJ, concur.